**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Carlos Adalberto CONDE, Defendant—Appellant.**

No. 01–10642.

D.C. No. CR–01–00119–KJD/LRL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Oct. 25, 2002.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. See

Before D.W. NELSON, BEEZER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Carlos Adalberto Conde ("Appellant") appeals the sentence of the district court after pleading guilty to four counts of bank robbery in violation of 18 U.S.C. § 2113(a). Appellant contends that the district court (1) applied the wrong standard in refusing to grant Appellant's motion for a downward departure for diminished capacity pursuant to United States Sentencing Guideline § 5K2.13 and (2) improperly relied upon the belief that all bank robberies inherently involve a threat of violence in denying Appellant's motion. Appellant argues that his motion for departure should have been granted by the district court because of his bipolar condition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court's refusal to exercise its discretion to depart downward cannot be reviewed by this court. *United States v. Eaton,* 31 F.3d 789, 792 (9th Cir.1994). However, if the district court's refusal to depart was based upon a determination that it did not possess the authority to do so, that decision is reviewed *de novo. Id.* at 793.

In the present case, the record clearly demonstrates that the district court was aware that it possessed the discretionary authority to depart under § 5K2.13 of the Guidelines, but chose not to do so. At the sentencing hearing, the district court stated that:

Well, the Court has read all of the information provided with this case, the presentence investigation report, the motion for downward departure.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

And I have a very difficult time making a finding that [Appellant's] mental capacity has been significantly reduced or that his bipolarism is an extraordinary mental condition that would justify a downward departure.

The district court was well aware that it possessed the discretion to depart downwards but found that such a departure was not warranted in this case. Furthermore, the record shows that the district court applied the correct legal standard in weighing whether Appellant's mental condition justified such a departure. *See* U.S. Sentencing Guidelines § 5K2.13 (2001). Accordingly, we find that the district court's refusal to depart downwards is not subject to review. We thus do not reach the issues of whether Appellant's crime involved a serious threat of violence or whether Appellant's criminal history indicates a need to incarcerate him for the protection of the public.

The sentence of the district court is AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.